**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No.  CV-20-00838-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Lorena A Carbajal, et al., | |
| Defendant(s). | |

Before the Court is Plaintiff G&G Closed Circuit Events, LLC's Motion for Attorney Fees and Costs. (Doc. 17). The Court has reviewed the Motion and accompanying exhibits and for the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

On April 30, 2020, Plaintiff filed a Complaint against Defendants alleging claims under 47 U.S.C. § 605 and 47 U.S.C. § 553. (Doc. 1). Defendants failed to respond or otherwise appear. On September 11, 2020, Plaintiff filed an Application for Entry of Default. (Doc. 12). The Clerk of Court entered default on September 14, 2020. (Doc. 13). On October 13, 2020, Plaintiff filed a Motion for Default Judgment, which this Court granted. (Docs. 14 & 15). In its Order, the Court instructed Plaintiff to file a motion for attorneys' fees and costs. (Doc. 15 at 4). Plaintiff has done so, seeking $2,520.00 in fees and $660.00 in costs. (Doc. 17 at 4).

///

## II.     LEGAL STANDARD

Aggrieved parties prevailing under § 605 are entitled to the recovery of "full costs" and "reasonable attorneys' fees" under § 605(e)(3)(B)(iii). Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees. *See, e.g.*, *G & G Closed Circuit Events, LLC v. Garcia*, No. CV-19-05134-PHX-SPL, 2020 WL 5535758 (D. Ariz. Sept. 15, 2020).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

## III.     ANALYSIS

Here, as stated, Plaintiff prevailed by obtaining a default judgment. Plaintiff submits the affidavit of its counsel, Thomas P. Riley, Esq., in support of its request for attorneys' fees and costs. (Doc. 17-2). Plaintiff also submits attorney time and task records reflecting 6.4 total billable hours for the services of attorney Riley (representing 2.4 hours of work at $550 per hour) and an unnamed research attorney (representing 4 hours at $300 per hour) for a total of $2,520.00. (Doc. 17-2 at 9). Plaintiff also seeks reimbursement for non-taxable costs in the amount of $660.00, representing investigative expenses. (Doc. 17-2 at 12).

### A. Fees

The Court must grant attorneys' fees, if they are reasonable. § 605(e)(3)(B)(iii). The "lodestar" calculation tells courts to multiply the number of hours reasonably spent by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. A reasonable hourly rate is the prevailing rate in the community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908

(9th Cir. 1995) (internal quotation marks and citation omitted). The community is generally defined as the district in which the case is litigated. *Davis v. Mason Cty.*, 927 F.2d 1473, 1488 (9th Cir. 1991).

Here, the hours spent litigating this matter by Riley and his research assistant are reasonable, but Plaintiff does not provide sufficient evidence that the hourly rates charged are reasonable. The only evidence is the affidavit, in which Mr. Riley even acknowledges that this Court recently found a reasonable hourly rate for him in a nearly identical case to be $250 and the reasonable hourly rate for the research attorney to be $100. (Doc. 17-1 at 6). *See Garcia*, 2020 WL 5535758 at *3–4. Given the similarity between the two cases and the routine nature of the instant matter, the Court finds its previous evaluation of rates in *Garcia* to be applicable here.

**B. Costs**

Although investigative costs are permitted under § 605(e)(3)(B)(iii), "it does not alleviate a plaintiff's burden to show '(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate.'" *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *4 (D. Ariz. Apr. 8, 2020) quoting *J & J Sports Prods., Inc. v. Arvizu*, No. CV-17-03130-PHX-DGC, 2018 WL 1621253, at *2 (D. Ariz. Apr. 4, 2018).

Here, Plaintiff has attached to its Motion an invoice for an investigator showing that a check was paid to an Amanda Hidalgo for $660. (Doc. 17-2 at 12). In support of this request, Plaintiff's counsel states that based on his experience in "anti-piracy cases" it is his "opinion" that the investigation fee is "reasonable." (Doc. 17-2 at 5). Plaintiff did not provide amount of time spent, the investigator's hourly rate, or the investigator's qualifications (other than to state that the investigation is difficult). The Court declines to reach a different conclusion when presented with the exact same evidence as it continuously rejects. *See, e.g.*, *G & G Closed Circuit Events, LLC v. Villanueva*, No. CV-

20-00833-PHX-SPL, 2020 WL 5974936, at *2 (D. Ariz. Oct. 8, 2020).[1] Therefore, Plaintiff has not met its minimal burden for investigative costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Doc. 17) is **granted in part** and **denied in part** as follows:

1. Plaintiff is awarded $1,000 in reasonable attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii); and

2. Plaintiff's request for investigative costs is **denied**.

Dated this 13th day of November, 2020.

Honorable Steven P. Logan
United States District Judge

---

[1] Next time, if Plaintiff wishes to "respect[] this Court's prior determinations" on fees and costs (Doc. 17 at 3), it will provide sufficient evidence to support its requests consistent with this Court's orders.